**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

R & R SAILS, INC. dba HOBIE CAT COMPANY,

Plaintiff,

vs.

INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, and DOES 1-10, inclusive,

Defendants.

CASE NO. 07-CV-0998 H (POR)

ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DETERMINE THAT AUSTRALIAN LAW GOVERNS THIS LAWSUIT

On March 14, 2008, defendant Insurance Company of the State of Pennsylvania ("Defendant") filed a motion to determine that Australian law governs this lawsuit. (Doc. No. 25.) On March 31, 2008, plaintiff R & R Sails, Inc. dba Hobie Cat Company ("Plaintiff") filed an opposition. (Doc. No. 31.) On April 7, 2008, Defendant filed a reply. (Doc. No. 33.) The Court finds this motion appropriate for resolution without oral argument and submits the motion pursuant to its discretion under Local Civil Rule 7.1(d)(1). For the following reasons, the Court denies Defendant's motion without prejudice.

**Background**

On June 1, 2007, Defendant removed this case from the San Diego Superior Court based on diversity jurisdiction. (Doc. No. 1.) The case involves a dispute

between two United States companies over an insurance contract made in the United States. Plaintiff, a Missouri corporation, has its principal place of business in Oceanside, California. (Compl. ¶ 1.) Plaintiff and its subsidiaries are in the business of selling, manufacturing, and distributing racing sailboats and other water craft. (Id. ¶ 14.) Defendant, which writes and sells insurance, is a Pennsylvania corporation maintaining its principal places of business in New York and Pennsylvania. (Id. ¶ 2.)

As alleged, Defendant insured Plaintiff under a policy effective March 24, 2001 through March 24, 2002 ("the policy"). (Id. ¶ 6.) The policy provided commercial property insurance for property in Woolamia, Australia ("the Woolamia property"). (Id.) Hobie Cat AustraAsia Pty. Ltd. ("Hobie Cat AustraAsia"), a wholly owned subsidiary of Plaintiff, operated the Woolamia property. (Id. ¶¶ 7, 13.) The policy allegedly provided insurance benefits for property damages and related business interruption losses. (See id. ¶ 6.) A policy endorsement broadened the named insured to include certain of Plaintiff's affiliated and subsidiary companies, including Hobie Cat AustraAsia. (Id. ¶ 8.)

On December 25, 2001, wildfires in Australia destroyed the Woolamia property and virtually all of its contents. (Id. ¶ 16.) As a result, Hobie Cat AustraAsia lost most of its inventory, manufacturing equipment, and supplies, as well as all of its on-site office equipment, computers, and records. (Id.) To fulfill its existing contractual obligations, Hobie Cat AustraAsia leased a new manufacturing facility. (Id. ¶ 17.) Rebuilding the Woolamia facility and replacing records also caused a distribution delay for some of Hobie Cat AustraAsia's products. (Id. ¶ 17.)

As alleged, Plaintiff made a timely claim for insurance benefits under the policy. (Id. ¶ 19.) Plaintiff alleges that Defendant has not paid $236,619 of the policy's coverage of property damages, loss of income, and business interruption losses. (Id. ¶ 27.) The complaint alleges causes of action for breach of contract, breach of implied covenant of good faith and fair dealing, breach of California Business & Professions Code section 17200, and declaratory relief. (Id. ¶¶ 28-55.)

**Discussion**

**I. Choice of Law Standard**

The policy does not contain a choice of law clause.[1] If the parties had specified a choice of law clause, that clause would likely control and render the subsequent analysis unnecessary. Generally speaking, a federal court sitting under diversity jurisdiction applies the forum state's choice of law rules. See Klaxon Co. V. Stentor Electric Mfg. Co., 313 U.S. 487, 497 (1941); Welles v. Turner Entm't Co., 503 F.3d 728, 738 (9th Cir. 2007). California courts have applied two different standards to choice of law determinations involving contracts: California Civil Code section 1646 and a governmental interest test. See Arno v. Club Med Inc., 22 F.3d 1464, 1468-69 n.6 (9th Cir. 1994) ("There appears to be some difference of opinion as to whether California's choice of law rule for contracts is the governmental interest test . . . or the test of Cal.Civ.Code § 1646."); Strassberg v. New England Mut. Life Ins. Co., 575 F. 2d 1262, 1263-64 (9th Cir. 1978) ("California law moved away from a mechanical choice of law process to employ the 'governmental interest analysis' approach.") The proponent of foreign law bears the burden to persuade the Court that foreign substantive law applies. McGhee v. Arabian Am. Oil Co., 871 F.2d 1412, 1422 (9th Cir. 1989); Hurtado v. Superior Court, 11 Cal. 3d 574, 581 (1974).

**II. California Civil Code Section 1646**

Under Civil Code section 1646, "[a] contract is to be interpreted according to the law and usage of the place where it is to be performed; or, if it does not indicate a place of performance, according to the law and usage of the place where it is made." Cal. Civ.

---

[1]The policy contains two provisions that suggest a choice of law on narrow issues. The "Appraisal" section states that "[t]he appraisers shall first select a competent and disinterested umpire and, failing for fifteen (15) days to agree upon such umpire, then on request of the Insured or the Company, such umpire shall be selected by a judge of a court of record in New York." (Notice of Removal Ex. 1 at 47.) The "Legal Proceedings" section states that "[p]rovided that if by the laws of the state within which this insurance is issued such limitation is invalid, then any such claim shall be void unless such action, suit or proceeding be commenced within the shortest limit of time permitted by the laws of such state." (Id. at 48-49.) Neither of these provisions serves as a general choice of law clause, though when viewed together, they both suggest that the parties contemplated the application of state laws within the United States.

Code. § 1646. If the contract does not expressly specify a place of performance, "the place of performance sometimes can be gleaned from the nature of the contract and the surrounding circumstances." Frontier Oil Corp. V. RLI Ins. Co., 153 Cal. App. 4th 1436, 1443 (2007). Defendant contends that the insurance contract was to be performed in Australia and that Australian law should therefore apply. Defendant relies on Frontier Oil, arguing that California Civil Code section 1646 determines the choice of law applied to an insurance contract.

Here, two United States companies entered into a policy in the United States. Plaintiff purchased the insurance policy from Defendant in U.S. Dollars, and Defendant delivered the policy to Plaintiff in Oceanside, California. (Rogers Decl. ¶ 5, Mar. 31, 2008; Pl. Opp. at 6.) The policy's "Summary of Insurance," "Declarations Page," and "Schedule of Forms/Endorsements" all indicate that Plaintiff, in Oceanside, California, was the insured party. (See Notice of Removal Ex. 1 at 19-22.) Moreover, Defendant's allegedly partial performance to date has consisted only of payments made to Plaintiff in the United States: two checks made payable to Plaintiff and sent to Plaintiff in Oceanside, California; and one check made payable to Plaintiff and sent to Plaintiff's owner's home residence in Missouri. (Rogers Decl. ¶ 5.) Thus, the parties both entered into the contract in the United States and performed the contract, at least in part, in the United States.

Based on the submissions to date, the Court concludes that Defendant did not consider Australian law while handling Plaintiff's claim. First, the parties did not include a choice of law clause in the policy specifying that Australian law would apply. Second, Mr. Blaise Lombardo, the primary claim handler for Plaintiff's claim, testified at a January 9, 2008 deposition that he did not consider any Australian law in handling Plaintiff's claim. (Lombardo Dep. 37:10-13, Jan. 9, 2008.) Mr. Lombardo also testified that he did not know if anyone acting on Defendant's behalf had considered Australian

law in adjusting Plaintiff's claim. (Lombardo Dep. 37:14-17.)[2] Third, the claims manual Defendant produced during discovery, which adopts California Fair/Unfair Claims Settlement Practices, indicates that Defendant anticipated that California law would apply. (Pl. Opp. Ex. 4 at 33.) Defendant produced the manual in response to a discovery request for "the claims manual that was in effect during the pendency of the claim at issue and upon which the adjuster did, should have, or could have relied in handling the loss at issue."[3] (Disc. Confer. Order at 3, Nov. 29, 2007.) Therefore, though the only property insured was located in Australia, and the policy's "Coverage Territory" excluded property within the United States, the parties did not anticipate the application of Australian law.

In Frontier Oil, the court applied California law to a liability insurance dispute between a Texas insured and a Texas insurer where the policy required performance of defense obligations concerning an insured risk in California. Frontier Oil, 153 Cal. App. 4th at 1443, 1446. The court defined the "place where [the policy] is to be performed" as the location of the "risk insured" under the policy. Id. at 1443. It noted that in a suit where the insurer's defense obligations were at issue, the parties would have expected to apply the law of the jurisdiction where the defense obligations would arise. Id. Here, unlike the insurer's foreign state defense obligations in Frontier Oil, the coverage sought by Plaintiff requires no performance from Defendant in the foreign state.[4]

---

[2]Mr. Lombardo did testify that Australian law has been considered in the past. (Lombardo Dep. 36:9-15.) However, he then clarified that Australian law was not considered in this case. (Lombardo Dep. 37:10-17.)

[3]Defendant argued that the claims manual was beyond the scope of discovery because California law did not apply to the parties' insurance dispute. (Disc. Confer. Order at 3.) Whether or not the parties intended the manual to apply to the policy here, its production suggests that Australian law was not considered in the claims process. If Defendant had a manual pertaining to the treatment of Australian or international claims, it presumably would have produced that manual in response.

[4]Form GL 48008, entitled "Commercial General Liability," contained liability defense obligations. (Notice of Removal Ex. 1 at 57.) Based on the parties' submissions, however, it does not appear that Plaintiff seeks performance of those obligations in this lawsuit. Furthermore, Defendant did not raise any arguments related to this provision.

In Stonewall Surplus Lines Ins. Co. v. Johnson Controls, Inc., 14 Cal. App. 4th 637, 646 (1993), while the court stated that the location of the insured risk is given particular emphasis in determining the choice of the applicable law, it clarified that "[t]his is because location has an intimate bearing upon the nature of the risk and the parties would naturally expect the local law of the state where the risk is to be principally located to apply." If the parties did not expect foreign law to apply, therefore, it is not necessary for the court to give the location of the risk insured particular emphasis.

Based on the submissions to date, Defendant has not met its burden showing that Australian law should apply under this statute. Absent a further showing to the contrary, the Court concludes that California law applies to this suit under section 1646.

## III. Governmental Interest Test

Defendant alternatively contends that California's governmental interest test also requires the application of Australian law. At this time, the Court disagrees. California applies a three-step "governmental interest" analysis to choice-of-law questions: (1) the court examines the substantive laws of each jurisdiction to determine whether the laws differ as applied to the relevant transaction; (2) if the laws do differ, the court must determine whether a true conflict exists in that each of the relevant jurisdictions has an interest in having its law applied; and (3) if more than one jurisdiction has a legitimate interest, the court must identify and apply the law of the jurisdiction whose interest would be more impaired if its laws were not applied. Downing v. Abercrombie & Fitch, 265 F.3d 994, 1005 (9th Cir. 2001); Abogados v. AT&T, Inc., 223 F.3d 932, 934 (9th Cir. 2000).

California and Australian laws differ is three key respects. First, Australian law does not recognize tolling of a policy suit limitation clause, (Wotton Decl. ¶¶ 13-21, March 14, 2008.), while California law tolls the period from the time the insured gives notice of the loss until the insurer denies the claim. Prudential-LMI Commercial Ins. v. Superior Court, 274 Cal. 3d. 674, 678 (1990); Migliore v. Mid-Century Ins. Co., 97 Cal. App. 4th 592, 604 (2002). Thus, Australian law may bar claims that Plaintiff

would otherwise have under California law. Second, Australian law does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing, (Wotton Decl. ¶¶ 6-9; Dogaru Decl. Ex. C., March 14, 2008.), while California law recognizes such a cause of action. Jonathan Neil & Assoc., Inc. v. Jones, 33 Cal. 4th 917 (2004); Comunale v. Traders & Gen. Ins. Co., 50 Cal.2d 654, 659 (1958). Third, Australian law does not recognize an insured's right to recover punitive damages when an insurer breaches the insurance policy, (Wotton Decl. ¶¶ 11-12), while California recognizes such a right. Jonathan Neil, 33 Cal. 4th at 929; Cassim v. Allstate Ins. Co., 33 Cal. 4th 780, 794 (2004). Therefore, the choice of law could determine whether or not Plaintiff may proceed with its claims.

Given this conflict, the Court must determine whether both Australia and California have an interest in having their laws applied. Australia and California have competing interests at stake. For example, Australia has an interest as the location of the losses at issue. See Stonewall, 14 Cal. App. 4th at 646. California has an interest because Plaintiff's primary place of business is in Oceanside, California. (Compl. ¶ 1.) Therefore, a true conflict exists.

Finally, based on the submissions to date, the Court concludes that California's interest would be more impaired than Australia's if its laws were not applied. None of the parties reside in Australia, and the payments sought would be between United States companies. Plaintiff has its primary place of business in California, and Defendant is a United States insurance company that does business in California. (Compl. ¶¶ 1, 2.) The allegations focus on Defendant's handling of Plaintiff's claims, not on the fire or any other events in Australia. (Id. at ¶¶ 19-27.) Australia may have an interest in deterring Defendant's alleged actions because they affect Plaintiff's subsidiary corporation located in Australia. Defendants also argue that application of Australian law would support Australia's interest in promoting investment and limiting liability for activity carried out in Australia. However, these interests would not be furthered by the application of Australian law. To the contrary, Australian law could bar Plaintiff's claims and impair any interest in deterrence and promoting investment.

California has a competing interest in deterring the alleged behavior and securing recovery for its residents. Plaintiff was the policy's beneficiary, and Defendant has already made payments to Plaintiff in California. See Abogados, 223 F. 3d at 935 (placing emphasis on where the "complained of conduct" took place); Stonewall, 14 Cal. App. 4th at 649 ("California's paramount interest is in protecting its residents by deterring tortfeasors."); Robert McMullan & Son, Inc. v. United States Fid. & Guar. Co., 103 Cal. App. 3d 198, 205-206 (1980) ("California is the forum state. Since the contract was made between a California resident and a corporation doing business in California, California has an interest in seeing that such contract is enforced according to the law where it was made.") Application of Australian law would impair these interests.

The balance of interests is not overwhelmingly in favor of California. The only insured property is located in Australia. Moreover, the Coverage Territory of the policy excludes property within the United States. (Notice of Removal Ex. 1 at 23.) Nonetheless, on the facts currently presented, Defendant has not met its burden showing that the governmental interest test supports the application of foreign law.

**Conclusion**

At this time, Defendant has failed to meet its burden to persuade the Court that foreign law should apply. Therefore, the Court denies without prejudice Defendant's motion to determine that Australian law governs this lawsuit. The Court will continue to consider the choice of law in light of all the circumstances of this litigation.

IT IS SO ORDERED.

DATED: April 11, 2008

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All Parties of Record