1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 | R&R SAILS, INC. d/b/a HOBIE CAT COMPANY, |
| 12 | |
| 13 | Plaintiff, |
| 14 | vs. |
| 15 | |
| 16 | |
| 17 | INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, |
| 18 | Defendant. |
| 19 | |

CASE NO. 07cv998-MMA(POR)

**ORDER DENYING PLAINTIFF'S MOTION TO REOPEN ORAL ARGUMENT AND REVISE THE RULING ON DEFENDANT'S MOTION IN LIMINE NO. 2 BARRING EVIDENCE OF HOBIE CAT'S ATTORNEYS' FEES**

[Doc. No. 178]

20      This matter is before the Court on Plaintiff's motion to reopen oral argument and revise its

21 ruling on Defendant Motion In Limine No. 2 barring evidence of Plaintiff's attorneys fees claim.

22 Defendant moved the Court in limine for an order precluding Plaintiff, its counsel, and its witnesses

23 from making reference to Plaintiff's claim for attorneys fees and costs incurred in this case pursuant

24 to the decision in *Brandt v. Superior Court* (1985) 37 Cal.3d 813.  Defendant argued that Plaintiff

25 failed to disclose the evidentiary basis for its claim and therefore Defendant was not able to conduct

26 discovery regarding the claim or to retain an expert to review Plaintiff's evidence supporting the

27 claim. Defendant asserted that Plaintiff should be precluded from presenting any evidence not

28 previously disclosed at trial pursuant to Federal Rule of Civil Procedure 37(c)(1).  Without any

1  evidence, Defendant argued that Plaintiff will not be able to prove its claim for attorneys fees and

2  costs, and therefore the claim should be barred.  Plaintiff argued in opposition to the motion that

3  Defendant had an affirmative duty to request the evidence during discovery, failed to do so, and

4  therefore the motion should be denied.  The Court ruled as follows:

5  > Plaintiff identified an estimated claim for $350,000 in attorneys fees in its initial
> disclosures served on September 14, 2007.  Defendant is correct that Plaintiff failed

6  > to produce any documentation of the claim at that time, and further failed to
> supplement its initial disclosures with documentation regarding fees, running afoul of

7  > Federal Rules of Civil Procedure 26(a) and 26(e).  Plaintiff must substantiate the fees
> claimed with some sort of evidence at trial or the claim shall fail (in most cases

8  > documentation of hours worked by attorneys, etc).  *Concept Enterprises, Inc. v.*
> *Hartford Ins. Co*, 2001 U.S. Dist. LEXIS 6901 at 30 (C.D. Cal. 2001).  However,

9  > allowing production of the documentation of two years worth of accumulated fees and
> costs less than two months prior to trial, and without the benefit of discovery or expert

10  > analysis, is highly prejudicial to Defendant.

11  > ( . . . )

12  > Furthermore, Plaintiff's failure to disclose is not harmless.  Defendant cannot be
> expected or required to defend against a damages claim without having the prerequisite

13  > access to the evidence supporting the claim.  Thus, if the Court denies Defendant's
> motion, the Court will have to reopen discovery, allow Defendant a reasonable amount

14  > of time once the evidence is produced to review it and hire an expert to analyze it and
> prepare a written report, who then will likely need to be deposed.  In the context of

15  > Rule 37(c), "[d]isruption to the schedule of the court and other parties is not harmless.
> Courts set such schedules to permit the court and the parties to deal with cases in a

16  > thorough and orderly manner, and they must be allowed to enforce them, unless there
> are good reasons not to."  *Wong v. Regents of the University of California*, 410 F.3d

17  > 1052, 1062 (9th Cir. 2005).

18  > The Court finds that Plaintiff has not carried its burden to show that the failure to
> comply with Rule 26 was either substantially justified or harmless.  Pursuant to the

19  > federal rules and the consistently applied law in the Ninth Circuit, the Court **GRANTS**
> Defendant's motion.  Plaintiff is precluded from offering evidence to support, or from

20  > otherwise referencing, its *Brandt* claim at trial.

21  (*See November 20, 2009 Order*, Doc. No. 175.)

22  ## DISCUSSION

23  Ordinarily, reconsideration is appropriate if the Court is "(1) presented with newly

24  discovered evidence, (2) committed clear error, [(3)] or if the initial decision was manifestly unjust,

25  or (4) if there is an intervening change in controlling law."  *School Dist. No. 1J, Multnomah County,*

26  *Oregon v. ACandS, Inc*., 5 F.3d 1255, 1263 (9th Cir. 1993).  While Rule 59(e) permits a district

27  court to reconsider and amend a previous order, the rule offers an "extraordinary remedy, to be used

28  sparingly in the interests of finality and conservation of judicial resources."  *Carroll v. Nakatani*,

1   342 F.3d 934, 945 (9th Cir. 2003) (citation omitted).

2        Plaintiff urges the Court to reconsider its November 20, 2009 ruling and to permit Plaintiff to

3   pursue its attorneys fees claim at trial.  Plaintiff argues that it satisfied the requirements of Federal

4   Rule of Civil Procedure 26 when it served initial disclosures on September 14, 2007, stating a claim

5   for attorneys fees in the amount of $350,000, and by offering on June 30, 2009 to deliver redacted

6   copies of all related billing invoices to Defendant.  Plaintiff asserts that Rule 26 does not require a

7   party to produce copies of documents identified in its initial disclosures, absent a written request by

8   the opposing party.  In sum, Plaintiff argues that it was incumbent on Defendant to make an

9   affirmative request for production of the billing invoices, which Plaintiff asserts Defendant did not

10  do until June 2009.

11       Defendant opposes the motion on several grounds.  First, Defendant argues that Plaintiff fails

12  to present any new evidence in support of its position, does not allege that there has been any change

13  in the applicable law, and fails to demonstrate either clear error or manifest injustice.  Second,

14  Defendant challenges Plaintiff's renewed assertion that Plaintiff had no affirmative obligation to

15  produce the billing invoices.  Defendant argues that Plaintiff's initial disclosure of its attorneys fees

16  claim was inadequate under Federal Rule of Civil Procedure 26(a)(1)(A)(ii) because it did not

17  describe the category or location of the documents intended to support the claim.  Plaintiff's initial

18  disclosure stated only the amount of the claim, and indicated via a footnote that the amount was an

19  estimate and would be amended prior to trial.  Defendant argues that Plaintiff ran afoul of Civil

20  Local Rule 16(f)(4)(b) by failing to produce the billing invoices during the parties' exchange of

21  exhibits anticipated to be introduced at trial.  Defendant further argues that Plaintiff violated the

22  requirements of Federal Rule of Civil Procedure 26(a)(1)(A)(iii), which requires a party to provide a

23  computation of damages and the documents/materials upon which the computation is based.

24  Defendant asserts that contrary to Plaintiff's position, this is clearly an affirmative obligation which

25  Plaintiff failed to meet until the day before this motion was filed.  Finally, Defendant urges the Court

26  to consider the manner in which Defendant, as well as the Court, would be unduly prejudiced if

27  Plaintiff is allowed to introduce the billing invoices and other documentation in support of its

28  attorneys fees claim at trial.

1   The Court finds that Plaintiff fails to demonstrate a sound basis for modifying the November

2   20, 2009 ruling granting Defendant's motion in limine.  Plaintiff does not make the required

3   showing under Rule 59(e).  Plaintiff incorrectly interprets the applicable Federal Rules of Civil

4   Procedure to support its position.  Rule 26(a)(1)(A)(iii) does not operate in tandem with Rule 34 in

5   the manner Plaintiff suggests.  The rule could not be clearer – Plaintiff was required to have

6   disclosed the billing invoices to substantiate the amount of attorneys fees claimed.  Rule

7   26(a)(1)(A)(iii) provides that a party must disclose, "***without awaiting a discovery request***. . . a

8   computation of each category of damages claimed by the disclosing party" and must make available

9   for inspection "the documents or other evidentiary material, unless privileged or protected from

10   disclosure, on which each computation is based . . ."  The uncontradicted evidence before the Court

11   confirms that Plaintiff did not comply with its obligations under the Federal Rules until, literally, the

12   eve of trial.  Exclusion of the evidence is proper.

### CONCLUSION

14   Based on the foregoing reasons, the Court **DENIES** Plaintiff's motion.  The Court declines

15   to revise its November 20, 2009 ruling granting Defendant's Motion In Limine No. 2.   As such,

16   Plaintiff remains precluded from offering evidence to support, or from otherwise referencing, its

17   attorneys fees claim at trial

18   **IT IS SO ORDERED**.

19   DATED:  December 30, 2009

Hon. Michael M. Anello
United States District Judge

07cv998